497 P.2d 230

Janice FRAZIER, an infant, by Verna Holland, her mother and next friend, Petitioner,

v.

Richard A. STANLEY, Juvenile Judge of the Twelfth Judicial District, Respondent.

No. 9417.

Supreme Court of New Mexico.

May 19, 1972.

James G. Huber, Alamogordo, for petitioner.

Norman D. Bloom, Jr., Dist. Atty., Alamogordo, for respondent.

OPINION

OMAN, Justice.

This is an original proceeding in prohibition. An alternative writ issued on February 8, 1972, and was made permanent on February 29, 1972.

Petitioner was charged on January 26, 1972 in juvenile court with having violated a criminal statute. The juvenile attorney filed a motion on January 28, 1972, pursuant to § 13–8–27, N.M.S.A.1953 (Repl. Vol. 3, 1968), seeking to have petitioner certified to stand trial as an adult. On the same day petitioner appeared and denied the charges filed against her, and shortly thereafter filed an affidavit pursuant to § 21–5–8, N.M.S.A.1953 (Repl. Vol. 4, 1970) by which she sought to disqualify respondent from acting further in the cause.

Respondent refused to acknowledge the affidavit of disqualification and set the certification motion for hearing on February 9, 1972. Thereupon petitioner sought an alternative writ of prohibition from this court directed to respondent. Respondent's position, as set forth in his brief and in oral argument to us in support of his position, was simply that the provisions of § 21–5–8, supra, are not applicable to proceedings under the Juvenile Code, [§§ 13–8–19 to 13–8–73, N.M.S.A.1953 (Repl. Vol. 3, 1968)]. He predicated his position upon the contention that since the " * * * Juvenile Code created special procedures and special handling for minors accused of criminal offenses * * *," and no provision is made in the Juvenile Code for the disqualification of a juvenile judge, the provisions of § 21–5–8, supra, are inapplicable to juvenile court proceedings. The juvenile judge is none other than the district judge serving in another division of the district court. See §§ 13–8–19 and 20, supra; Peyton v. Nord, 78 N.M. 717, 437 P.2d 716 (1968).

Section 21–5–8, supra, provides, insofar as here pertinent:

"Whenever a party to any action or proceeding, civil or criminal, including proceedings for indirect criminal contempt arising out of oral or written publications, except actions or proceedings for constructive and other indirect contempt or direct contempt, shall make and file an affidavit that the judge before whom the action or proceeding is to be tried and heard, whether he be the resident judge or a judge designated by the resident judge, except by consent of the parties or their counsel, cannot, accord-

ing to the belief of the party making the affidavit, preside over the action or proceeding with impartiality, that judge shall proceed no further. * * * "

Although we have been cited to no case in which this court has heretofore held the provisions of § 21–5–8, supra, applicable to juvenile court judges and to juvenile court actions and proceedings, and we find none, we have repeatedly recognized the applicability of the provisions of this statute to other special actions and proceedings and to judges presiding therein. State ex rel. Pacific Employers Ins. Co. v. Arledge, 54 N.M. 267, 221 P.2d 562 (1950) [workmen's compensation action]; Talbot v. Taylor, 51 N.M. 160, 181 P.2d 159 (1947) [probate proceedings]; State ex rel. Romero v. Armijo, 41 N.M. 40, 63 P.2d 1039 (1936) [proceedings for recount of votes]; State ex rel. Simpson v. Armijo, 38 N.M. 280, 31 P.2d 703 (1934) [constructive contempt proceedings]; State ex rel. Hannah v. Armijo, 38 N.M. 73, 28 P.2d 511 (1933) [proceedings for removal of members of school board].

In State ex rel. Simpson v. Armijo, 38 N.M. 280, 31 P.2d 703, supra, it was stated:

"If the enactment of this law is the declaration of a policy that our courts must be freed from suspicion of unfairness and is grounded upon the truism 'that every citizen is entitled to a fair and impartial trial, and this right is sacred and constitutional, State ex rel. Hannah v. Armijo, supra,' such right is as sacred to a litigant *in a special proceeding* or one cited for contempt as it is to a litigant in a tort or contract action." [Emphasis added]

Procedures followed under the Juvenile Code are described as "actions" and "proceedings" in §§ 13–8–25 and 26, supra, and these actions or proceedings are certainly either civil or criminal. In either case, petitioner was a party to the action or proceeding and entitled to exercise the right of disqualification given her by § 21–5–8,

supra. See in accord State ex rel. Jones v. Geckler, 214 Ind. 574, 16 N.E.2d 875 (1938); McDaniel v. McDaniel, 64 Wash. 2d 273, 391 P.2d 191 (1964).

Respondent has made no claim that his actions in fixing, approving, or continuing petitioner's appearance bond in any way operated to defeat her right to disqualify him, but only that the disqualification provisions of § 21–5–8, supra, are not applicable to juvenile proceedings. Consequently, we do not reach the question posed but not decided by the New Mexico Court of Appeals in State v. Latham, 83 N.M. 530, 494 P.2d 192 (Ct.App.1972), in regard to the effect of an approval and a continuance of an appearance bond by a judge on the right of a party to disqualify that judge.

We affirm our actions heretofore taken in making the alternative writ of prohibition permanent.

It is so ordered.

COMPTON, C. J., and McMANUS, STEPHENSON and MONTOYA, JJ., concur.