555 P.2d 381

**Petition of Pete COCA to adopt a minor child, John Daniel Cumins, Appellee,**

**v.**

**NEW MEXICO HEALTH AND SOCIAL SERVICES DEPARTMENT, Appellant.**

**No. 2517.**

Court of Appeals of New Mexico.

Sept. 14, 1976.

Rehearing Denied Sept. 28, 1976.

Certiorari Denied Oct. 21, 1976.

Toney Anaya, Atty. Gen., Santa Fe, Julia C. Southerland, David S. Cohen, Robert P. McNeill, Sp. Asst. Attys. Gen., for appellant.

Charles A. Keeling, Jr., Albuquerque, for appellee.

## OPINION

WOOD, Chief Judge.

This appeal involves the grandfather's adoption of his grandson. The grandson was over fourteen years of age and had lived with the grandfather since he was one year old. The grandson and the mother consented to the adoption. The father is dead. H.S.S.D. (New Mexico Health and Social Services Department) seeks to have the adoption decree set aside. One of the claims of H.S.S.D. is that it was a party to the adoption proceedings even though it never had custody of the grandson. We assume, but do not decide, that H.S.S.D. was a party. On the basis of this assumption, we reach the issues which dispose of the appeal on its merits. We utilize the assumption because the issues are directed to the authority and, therefore, the jurisdiction of the trial court to enter the adoption decree. The issues involve: (1) attempted disqualification of the trial judge; and (2) procedure in granting the adoption.

*Attempted Disqualification of Trial Judge*

On January 16, 1976 the grandfather moved that the court waive the investigation provided for in § 22–2–31, N.M.S.A. 1953 (Supp.1975). Paragraph D of § 22–2–31 authorizes such a waiver. Hearing on the motion was scheduled for February 17, 1976.

On February 3, 1976 an affidavit was filed which purported to disqualify Judge R. Sanchez. If the affidavit effectively disqualified Judge R. Sanchez, he had no jurisdiction to proceed further. *Norton v. Reese,* 76 N.M. 602, 417 P.2d 205 (1966)

The affidavit was signed by the attorney for H.S.S.D. It reads:

"Susan M. Conway being first duly sworn states that she is a duly authorized attorney for the Health and Social Services Department of the State of New Mexico in this matter and that she believes that Judge Rozier Sanchez cannot preside over this action or proceeding with impartiality."

Judge R. Sanchez ruled that the affidavit was not effective to disqualify him; that the affidavit was ineffective because executed by the attorney and not the H.S.S.D. We agree.

We do not have a situation where the attorney purports to act on behalf of an agency of government. See *State v. Hay,* 40 N.M. 370, 60 P.2d 353 (1936); Compare, *United States v. 16,000 Acres of Land, Etc.,* 49 F.Supp. 645 (D.C.Kan.1942). The attorney executed the affidavit as an attor-

ney—*she* believed that Judge R. Sanchez could not preside with impartiality.

The authority for disqualification in this case is § 21–5–8, N.M.S.A.1953 (Repl. Vol. 4). This section states: "Whenever a *party * * ** shall make and file an affidavit that the judge before whom the action or proceeding is to be tried * * * cannot, according to the belief of the *party* making the affidavit, preside * * * with impartiality, that judge shall proceed no further."

The statute is explicit; the affidavit must be executed by a party. The statute does not authorize an attorney to execute the affidavit as an attorney. The affidavit was not effective to disqualify Judge R. Sanchez. *Giebe v. Pence*, 431 F. 2d 942 (9th Cir. 1970); *Cuddy v. Otis*, 33 F.2d 577 (8th Cir. 1929); *Anchor Grain Co. v. Smith*, 297 F. 204 (5th Cir. 1924); *Martelli v. City of Sonoma*, 359 F.Supp. 397 (D.C.Cal.1973); *Marion City Court v. State*, 243 Ind. 371, 185 N.E.2d 524 (1962); *Collins v. Kansas Milling Company*, 210 Kan. 701, 504 P.2d 586 (1972).

*Procedure in Granting the Adoption*

After ruling on the attempted disqualification, the trial court proceeded to hear evidence on the question of whether an investigation by H.S.S.D. should be waived. This hearing occurred on February 17, 1976. The trial court found good cause for waiver of the investigation and relieved H.S.S.D. of any duty to make an investigation. These rulings were subject to H.S.S.D. showing good cause by February 20, 1976 why the investigation should not be waived. In addition, the trial court ruled that absent a showing of good cause to prevent the waiver, the trial court would enter the decree of adoption on February 20, 1976.

H.S.S.D. raises two contentions concerning the trial court's procedure.

The first contention is that it was entitled to twenty days notice of hearing on the adoption petition. See § 22–2–30(B), N.M. S.A.1953 (Supp.1975) which provides for such notice.

The second contention is that the trial court did not waive the requirement that the minor live in the home of the adoptive parents for six months before decreeing the adoption. Section 22–2–32(E)(2), N.M. S.A.1953 (Supp.1975) provides that, unless waived, no "judgment of adoption" is to be entered until the residence requirement is met. The time period begins when "the department has been informed of the custody of the minor by the petitioner, and the department [H.S.S.D.] has had an opportunity to observe or investigate the prospective adoptive home."

We agree with H.S.S.D.'s first contention; H.S.S.D. had only a three-day notice in this case. We do not agree with the second contention. After the evidentiary hearing on February 17, the trial court remarked that on the evidence presented "I find no reason to delay the adoption of this young man beyond Friday of this week [February 20]." This was a waiver of the residence requirement; H.S.S.D.'s complaint then is that the waiver was not contained in a formal order of the court. A waiver of the residence requirement is implicit within the decree of adoption entered on February 20. *In Re Doe, III*, 87 N.M. 170, 531 P.2d 218 (Ct.App.1975); *State v. Tartaglia*, 80 N.M. 788, 461 P.2d 921 (Ct. App.1969).

H.S.S.D.'s procedural claims are: (1) short notice of the adoption hearing, and (2) failure of the trial court to enter an order explicitly waiving the residence requirement. Of what significance are these two items? H.S.S.D. was relieved of any duty to make an investigation; such an investigation was waived. H.S.S.D. does not complain about the waiver. H.S.S.D. does not assert that it has been in any way prejudiced by the procedural matters on which it relies.

H.S.S.D.'s claim is that the trial court was without jurisdiction to decree the adoption because of the two procedural matters. H.S.S.D. uses "jurisdiction" in the sense of lack of power to decree the adoption. The

trial court had the power to decree the adoption. See §§ *22–2–29* and *22–2–33,* N. M.S.A.1953 (Supp.1975). H.S.S.D.'s complaint is with the decision rendered, not with the authority of the court to make that decision. *Grace v. Oil Conservation Commission of New Mexico,* 87 N.M. 205, 531 P.2d 939 (1975). The jurisdictional claim is spurious.

H.S.S.D.'s procedural claims are based on technicalities which, if error, were harmless

because H.S.S.D. had been relieved of its investigative duties.

█ 'Oral argument is unnecessary. The adoption decree is affirmed. The grandfather shall recover any appellate costs he may have incurred. Rule of Appellate Procedure (Civil) *27.*

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.