614 P.2d 1086

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**John DOE, a Child, Defendant-Appellant.**

**No. 4395.**

Court of Appeals of New Mexico.

July 1, 1980.

Writ of Certiorari Denied Aug. 1, 1980.

Mary Jo Snyder, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

The child appeals a finding of delinquency. He appeals asserting: (1) certain statements of the victim, who was ruled incompetent to testify at trial, should not have been admitted; and (2) the trial court erred in quashing a jury trial on the adjudication of the merits.

We discuss the first point, since it will necessarily be at issue in the new trial we are granting the child on the jury issue.

The victim, Jimmy, was a four-year-old child. The charge of delinquency was based on a penis-anus and penis-mouth contact. At a pretrial determination of competency, the Children's Court ruled Jimmy incompetent solely on the basis of his ability or willingness to communicate. The court then proceeded with a hearing on "Notice of Intent to Make Use of Statements" made by Jimmy to his mother and father subsequent to the events charged. The trial court left open the question of whether the hearsay statements made by Jimmy might come in at the trial if the State satisfied its burden of proving the child was competent to have made the statements to his parents.

At the hearing on the determination of delinquency, the hearsay statement of Jimmy was the crux of the proof of criminal sexual contact. The victim's mother testified that Jimmy, her four-year-old son, said to her within one hour of the alleged offense: "Mom, do you get a baby when you put your ding-a-ling in your butt?" Later, the victim explained that in a van parked along the side of the house the child put vaseline on his ding-a-ling and inserted it in the victim's butt. Next, Jimmy told his mother that the child put his ding-a-ling in his mouth and it tasted awful. After the conditional admission of that testimony, the expert testified at the hearing on the merits that he had examined Jimmy and that it was his opinion that Jimmy could accurately describe anal intercourse and fellatio. The expert testified that Jimmy talked in great detail about animals he had seen in the zoo; for instance, that Jimmy recalled and described in detail the spots on a giraffe. Further, the expert was of the opinion that Jimmy was more likely to repeat than to fabricate the experiences he described and that Jimmy was probably 100% accurate in the identification of the person involved.

On cross-examination, the expert testified that the quality of Jimmy's statement to his mother suggested an actual physical demonstration—not a verbal description or

a description as observed from pornographic pictures. When the testimony of the expert is considered with the corroborating details of the finding of a medicine bottle with vaseline in the van, which medicine bottle belonged to the child's grandmother, and the finding of vaseline on the underpants of Jimmy, the trial court could properly admit the hearsay testimony under N.M.R. Evid. 803(24), N.M.S.A. 1978, as having guarantees of trustworthiness.

The child's challenge to the trustworthiness was that there was an unusual delay in reporting of the incident—from November to March. The child asserts that the charge against him was retaliation because the child's father had issued a complaint that had Jimmy's father arrested. We disagree. The court expressly said that he believed that the mother was too ashamed and afraid that her son would become a homosexual and so she tried to keep the whole incident quiet. She only spoke up after her husband was arrested and Officer Odell asked her what was the cause of the friction between her husband and the child's father. In light of the testimony at trial and the function of the trial court, we agree with the court that the delay in filing of the charges is fully explainable and the trial court could believe the explanation, but that explanation in no way makes the hearsay statements of Jimmy any less reliable.

New Mexico Rule of Evidence 803(24) states as follows:

> *Other exceptions.* A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it

makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

We hold that parts (A), (B) and (C) were fully complied with and that the child was alerted in advance of the trial to the contemplated use of the statements.

The petition was filed on March 23, 1979. Rule 48(a) of the Rules of Procedure for the Children's Court, N.M.S.A. 1978, states that a "demand for trial by jury in delinquency proceedings shall be made in writing to the court within ten days from the date the petition is filed or within ten days from the appointment of an attorney . . . or entry of appearance by counsel . . . whichever is later. If demand is not made . . . trial by jury is deemed waived."

Appointment of counsel was made on March 27, 1979. Notice of demand for jury was not filed thereafter. On May 31, 1979, at a hearing, the court was handed an admission signed by the child. However, during the attempt to have the court accept the plea, the court became dissatisfied and told the child that he had a right to a jury trial. Subsequently, the State's motion to quash a jury trial was granted.

There is no question that the child never filed a written demand for a jury trial as required by Rule 48(a), or that under that rule, a jury trial was not waived.

■ The child's oral response to the court's questioning might be deemed an oral demand for a jury trial under § 32–1–31(A), N.M.S.A. 1978. Such an oral demand would be subject to the time constraints of Rule 48(a) and would not have been timely. Thus, so far as the right to a jury trial depended upon a demand by the child, either written or oral, the child had no right to a jury trial under Rule 48(a) or § 32–1–31(A).

■ It is argued that the court had discretion to grant a jury trial. This argument is presented on the basis that under

Rule 7(b) of the Rules of Procedure for the Children's Court, N.M.S.A. 1978, the court could enlarge the time in which a jury trial could be demanded. We agree that the court could enlarge the time, but such enlargement requires a "request" under Rule 7(b)(1) or a "motion" under Rule 7(b)(2), and there was neither request nor motion. We need not consider whether the court, absent a request or motion, could, in its discretion, grant a jury trial either under Rule 48(a), § 32–1–31(A) or the Constitution.

■ Our view is that the child had a right to a jury trial and was to be accorded that right absent a waiver; no waiver appears in the record. The Supreme Court, in felony cases, has held the right to a jury trial may be waived, but such a waiver must be express. *State v. Shroyer*, 49 N.M. 196, 160 P.2d 444 (1945). This requirement has been applied to cases where a juvenile is charged with a delinquent act which would be a felony if committed by an adult. *Peyton v. Nord*, 78 N.M. 717, 437 P.2d 716 (1968) states: "[I]nsofar as the juvenile is concerned, this should be permitted only when advised by counsel and it is amply clear that an understanding and intelligent decision has been made." In this case, the delinquent act charged, because of the age of the victim, would have been a third degree felony if committed by an adult. Section 30–9–13(A)(1), N.M.S.A. 1978. The child did not waive his right to a jury trial and, under *Peyton v. Nord, supra*, was entitled to a jury trial absent such a waiver.

■ The State contends that this right was waived in the absence of a demand. The case on which it relies is *Carlile v. Continental Oil Company*, 81 N.M. 484, 468 P.2d 885 (Ct.App. 1970). *Carlile* involved the requirement that a jury be demanded in a civil case. *See* N.M.R.Civ.P. 38, N.M.S.A. 1978. *Carlile* held that the demand requirement for a jury in a civil action was a reasonable procedural requirement not in violation of the constitutional right to a jury trial. N.M.R.Crim.P. 38(a), N.M.S.A. 1978, does not contain a demand requirement for a jury trial in criminal cases; rather, criminal cases "shall" be tried by jury unless there is a waiver. In felony cases the right of trial by jury exists, absent a waiver, and *Peyton v. Nord, supra,* adopted this approach for juvenile matters in New Mexico (we are not concerned with federal provisions). Because of the distinction made, as between civil and criminal cases, in considering the right to a jury trial, the demand provision considered in *Carlile, supra,* is not applicable.

We understand *Peyton v. Nord, supra,* to hold that the right to a jury trial is a matter of constitutional right. The demand requirement in § 32–1–31(A) would be ineffective to change that right. *See State v. Chavez*, 88 N.M. 451, 541 P.2d 631 (Ct.App. 1975). More troublesome is whether the Supreme Court, in adopting Rule 48(a), intended to change its decision in *Peyton v. Nord, supra.* The Committee Commentary does not discuss the differences between Rule 48(a) and *Peyton v. Nord, supra* ; we have nothing indicating that *Peyton v. Nord, supra,* is no longer to be followed.

The child not having waived his right to a jury trial, the trial court erred in depriving the child of his right to trial by jury.

Accordingly, the cause is reversed and remanded.

IT IS SO ORDERED.

WOOD, C. J., and WALTERS, J., concur.