621 P.2d 519
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Jane DOE, Defendant-Appellant.**

**No. 4747.**

Court of Appeals of New Mexico.

Dec. 11, 1980.

Charles McCormack, Southern New Mexico Legal Services, Clovis, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

The child appeals from an order revoking her probation. She contends the petition should have been dismissed for failure to provide an attorney at the hearing on the petition. We agree.

A petition alleging delinquency was filed on April 11, 1978. The arraignment on the petition was held on April 20, 1978. No attorney was appointed as provided for by Children's Court Rule 22(d), N.M.S.A. 1978 (formerly Rule 23(d)). Nor did the child have an attorney.

With regard to an attorney, the following occurred:

THE COURT: Do you have any money to hire an attorney?

THE RESPONDENT: No.

THE COURT: Would you like to have an attorney?

THE RESPONDENT: (Shakes head no.) No, sir.

THE COURT: Do you understand that if you don't have money to pay your own attorney that the Court will appoint an attorney to represent you if you wish to have one? Do you understand that?

THE RESPONDENT: Yes, sir.

THE COURT: And you still don't wish to have an attorney?

THE RESPONDENT: Yeah.

THE FATHER: No, sir.

THE COURT: She doesn't? You don't wish to have an attorney?

THE RESPONDENT: (Shakes head no.)

Shortly thereafter, the child admitted the charges contained in the petition. The court thoroughly questioned her involvement, which she admitted. She was then sent for a sixty day diagnosis at the New Mexico Youth Diagnostic Center and subsequently placed on probation.

Prior to the hearing on the motion to revoke probation, the child, through her counsel, filed a motion to dismiss alleging, among other things, that the Children's Court Rule 22(d) required a dismissal of the original petition. The motion to dismiss was denied.

Children's Court Rule 22(d) states:

*Appointment of attorney.* Within five days from the date the petition is filed or at the conclusion of the detention hearing, whichever occurs first, the court shall appoint an attorney to represent the respondent unless counsel has entered an appearance on behalf of the respondent.

Appointment of counsel is also referred to in § 32–1–27(E), N.M.S.A. 1978 (formerly § 13–14–25, N.M.S.A. 1953), which states:

In all proceedings on a petition alleging delinquency or need of supervision and in those instances specified under other provisions of the Children's Code, the child and parents, guardian and custodian of the child shall be advised by the court or its representative that the child may be represented by counsel at all stages of the proceedings. If counsel is not retained for the child, or if it does not appear that counsel will be retained, counsel shall be appointed for the child, unless the right to appointed counsel is waived by the child and the parents, guardian or custodian.

■ The child argues that under Rule 22(d) appointment of counsel is mandatory and waiver of counsel is not provided for or contemplated. The wording "shall appoint an attorney" is mandatory. *See, State v. Doe,* 91 N.M. 393, 574 P.2d 1021 (Ct.App. 1978). Rule 22(d), a procedural rule setting a time limit for the appointment of counsel, controls over any conflicting provisions in § 32–1–27(E). *State v. Doe,* 90 N.M. 568, 566 P.2d 117 (Ct.App.1977). The only exception listed in Rule 22(d) to the appointment of an attorney is where the child has retained private counsel. The Committee Commentary to Rule 22(d) states:

Subdivision (d) is designed to provide a procedure for appointment of counsel which is automatic and which is early enough in the proceedings to allow adequate time for preparation, whether or not the respondent is in detention. The subdivision does not apply if private counsel has entered an appearance on behalf of the child.

This suggests that the policy behind Rule 22(d) is that every child be represented by an attorney and that a child is not capable of making a knowing and intelligent waiver of that right. This result is further supported by § 32–1–27(B), N.M.S.A. 1978, which states:

In any proceeding in the court on a petition alleging delinquency or need of supervision under the Children's Code, or in a criminal proceeding, unless made while the child was advised by counsel, statements by a child in connection with the subject matter of the petition or criminal charge when made at any time after complaint was made against the child or the child was taken into custody, whichever occurs first, shall not be used against the child prior to the court's determination of the petition's allegations or prior to conviction in a criminal proceeding.

■ Subsection (B) emphasizes the importance of counsel and makes the use of statements made without counsel automatically a violation of the child's rights whether or not the child desired counsel. The automatic appointment of counsel under Rule 22(d) ensures that the child's procedural and constitutional rights will be protected.

■ The State argues that forcing an attorney on the child would violate Rule 2 of the Children's Court Rules, in that it would not provide simplified procedure or elimination of unjustifiable expense and delay. However, the need for simplicity and procedure is outweighed by the need to safeguard the constitutional rights of the child. Accordingly, we hold that the child cannot waive the initial appointment of counsel provided for by Rule 22(d), and to the extent that the rule conflicts with § 32–1–27(E), the rule controls. *State v.*

*Doe*, 90 N.M. 568, 566 P.2d 117 (Ct.App. 1977). Because the child was not appointed counsel within five days after the filing of the petition, the original order of probation was invalid.

Whether the child may waive an attorney after the initial appointment, pursuant to Rule 22(d), is not an issue and, accordingly, is not addressed.

The cause is reversed and remanded with directions to dismiss the petition and all subsequent orders following the petition. *State v. Doe*, 90 N.M. 249, 561 P.2d 948 (Ct.App.1977).

IT IS SO ORDERED.

WALTERS and ANDREWS, JJ., concur.