925 P.2d 1198

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**ERIC M., a child, Defendant–Appellant.**

No. 22919.

Supreme Court of New Mexico.

Oct. 2, 1996.

Dorothy C. Sanchez, Albuquerque, for Plaintiff–Appellee.

Tom Udall, Attorney General, Bill Primm, Assistant Attorney General, Santa Fe, for Defendant–Appellant.

## OPINION

RANSOM, Justice.

1. Eric Anthony M. was adjudged delinquent in the unlawful taking of a motor vehicle, NMSA 1978, § 66–3–504(A) (Repl. Pamp.1994), reckless driving, NMSA 1978, § 66–8–113 (Repl.Pamp.1994), and resisting, obstructing or evading an officer, NMSA 1978, § 30–22–1(C) (Repl.Pamp.1994). Auto theft is a felony, an offense triable by jury if committed by an adult, thereby entitling the child to a jury trial.[1] Because no jury was timely demanded under this Court's rules,

---

1. As discussed later in this opinion, a child's right to a jury trial is guaranteed by the New Mexico Constitution. Also, the Children's Code, NMSA §§ 32A–1–1 to 32A–21–7 (Repl. Pamp.1995 & Cum.Supp.1996), provides that "a jury trial on the issues of alleged delinquent acts may be demanded by the child, parent, guardian, custodian or counsel in proceedings on petitions alleging delinquency when the offense alleged would be triable by jury if committed by an adult." Section 32A–2–16(A) (Repl.Pamp.1995).

however, the petition alleging delinquency was heard by the children's court without a jury.[2] The court ordered Eric committed to the Juvenile Facilities Division of the Children, Youth and Families Department for a period not to exceed two years.

2. Eric appealed to the Court of Appeals claiming deprivation of his constitutional right to effective assistance of counsel and his constitutional right to a jury trial. The Court of Appeals certified this case to us under NMSA 1978, Section 34–5–14(C)(2) (Repl.Pamp.1990) (providing for certification to the Supreme Court when the issue is one of substantial public interest). On appeal we address whether the children's court erred in concluding that Eric was not entitled to a jury trial because he failed to make a timely jury demand as provided in Rule 10–228(A) NMRA (1996). We reverse.

3. *Proceedings.* The petition alleging delinquency was filed on June 1, 1994. On June 2, Eric first appeared before the children's court. The court appointed an attorney for the child, and on June 7 an assistant public defender entered an appearance as Eric's counsel. On June 22, at a docket call, the court inquired whether the case was set for a jury trial. A written demand for jury trial had not been made, but Eric's attorney at this time orally requested a jury trial. The attorney stated that demands were routinely filed in juvenile delinquency proceedings and that he did not know why a demand had not been filed in this case. The children's court judge suggested defense counsel file a written demand but determined that the time for requesting a jury trial had run. The judge indicated that he would deny defendant's request for a jury trial as untimely under Rule 10–228(A), which provides:

A demand for trial by jury in delinquency proceedings shall be made in writing to the court within ten (10) days from the

date the petition is filed or within ten (10) days from the appointment of an attorney for the respondent or entry of appearance by counsel for the respondent, whichever is later. If demand is not made as provided in this paragraph, trial by jury is deemed waived.

4. *The order of certification from the Court of Appeals.* In its order of certification to this Court, the Court of Appeals noted:

Th[is] case appears to be indistinguishable from *State v. Doe,* 94 N.M. 637, 614 P.2d 1086 (Ct.App.1980), in which this Court held that a juvenile charged with a delinquent act which would be a felony if committed by an adult did not waive the right to a jury trial absent an understanding and intelligent waiver. *Id.* at 640, 614 P.2d at 1089.

The committee commentary to SCRA 10–228(A) suggests that the Supreme Court has rejected *Doe* by promulgating (and repromulgating) that rule. It is not clear that the committee commentary considered the applicability of NMSA 1978, Section 32A–1–16(A) (Repl.Pamp.1993).

Having accepted the Court of Appeal's certification on the issue of the impact of Rule 10–228 on a juvenile's waiver of the constitutionally protected right to a jury trial, we do not reach the issue of ineffective assistance of counsel.

■ 5. *A juvenile's constitutional right to a jury trial.* "A juvenile charged with violation of a state law ... is entitled to a trial by jury...." *Peyton v. Nord,* 78 N.M. 717, 726, 437 P.2d 716, 725 (1968). In *Peyton* this Court considered a state statute that had been interpreted by the lower court as limiting a juvenile's right to trial by jury.[3] We found that the statute had been improperly applied to limit a child's right to a jury trial. We reasoned that since "at the time of the

---

2. "Jury trials shall be conducted in accordance with rules promulgated under the provisions of Subsection B of Section 32–1–4 [32A–1–5] NMSA 1978." Section 32A–2–16(A). Section 32A–1–5(B) states that "[t]he supreme court shall adopt rules of procedure not in conflict with the Children's Code [this chapter] governing proceedings in the children's court, including rules and procedures for juries."

3. In *Peyton* the Court reviewed several statutory provisions, including NMSA 1953, Section 13–8–49 (Supp.1967): "All cases of juveniles coming under the jurisdiction of the juvenile court shall be dealt with by the court at separate hearings and without a jury." 78 N.M. at 725, 437 P.2d at 724.

adoption of our [state] constitution [a child] could not have been imprisoned without a trial by jury[,].... no change in terminology or procedure may be invoked whereby incarceration could be accomplished in a manner which involved denial of the right to jury trial." *Id.* at 724, 437 P.2d at 723. Like the statute in *Peyton,* Rule 10–228 cannot limit a juvenile's constitutional right to trial by jury. *See, e.g., Marquez v. Wylie,* 78 N.M. 544, 546, 434 P.2d 69, 71 (1967) (holding that rules of court are subject to same constitutional constraints applicable to statutes).

6. In *State v. Doe,* 94 N.M. 637, 639, 614 P.2d 1086, 1088 (Ct.App.) *cert. denied,* 94 N.M. 675, 615 P.2d 992 (1980), the Court considered Rule 48(a) of the Rules of Procedure for the Children's Court, a previous version of Rule 10–228 with identical language. The question before the Court was whether a juvenile waives the right to a jury trial when a proper request under the rule is not made. *Id.* at 639–640, 614 P.2d at 1088–1089. The Court held that a juvenile charged with a felony, or with an act which would have been a felony if committed by an adult, may waive the right to a jury trial " 'only when advised by counsel and [when] it is amply clear that an understanding and intelligent decision has been made.' " *Id.* at 640, 614 P.2d at 1089 (quoting *Peyton,* 78 N.M. at 725, 437 P.2d at 724). "We understand *Peyton v. Nord* ... to hold that the right to a jury trial is a matter of constitutional right. The demand requirement in § 32–1–31(A) [4] would be ineffective to change that right." *Id.*

7. There is no question in this case that Eric did not make an understanding and intelligent decision to waive his right to a jury trial. He was never counseled in this matter and therefore could not have understood or intelligently waived his right. His attorney was surprised that a demand for jury trial had not been filed and, immediately on discovering that a request had not been filed, made an oral request.

8. *The committee commentary to Rule 10–228.* The committee commentary to Rule 10–228 states that:

[I]n *State v. Doe,* 94 N.M. 637, 614 P.2d 1086 (Ct.App.1980) the New Mexico Court of Appeals held that under *Peyton v. Nord* ... a juvenile has a right to a jury trial unless there is a waiver.... [T]he committee does not believe that case law in criminal cases relating to the issue of waiver [requirements for an adult] was extended to juvenile proceedings by the *Peyton* decision. The supreme court by readopting Rule 10–228 concurs in this belief.

The committee commentary is incorrect. Rule 10–228 is not intended to abrogate the rule announced in *Peyton* and interpreted by *Doe.* We confirm the holding of *Doe* that a child has a constitutional right to a trial by jury and is "to be accorded that right absent a waiver." 94 N.M. at 640, 614 P.2d at 1089. Rule 10–228, by encouraging a counseled decision at an early stage of the proceedings, provides a mechanism for determining the child's intentions within an appropriate period.

■ 9. The committee correctly inferred that not all of the formalities mandated in a proceeding involving an adult are required in children's court to effect a proper waiver. In a proceeding involving an adult, for example, "[b]efore any waiver [of the right to a jury trial] can become effective, consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant." *State v. Dean,* 105 N.M. 5, 7, 727 P.2d 944, 946 (Ct.App.), *cert. denied,* 104 N.M. 702, 726 P.2d 856 (1986); *see also* Rule 5–605(A) NMRA (1996) (requiring waiver to be accompanied by 'the approval of the court and the consent of the state'). In a juvenile proceeding the express and intelligent consent to waive a jury trial, given by the juvenile to defense counsel, is sufficient to satisfy the requirements of due process.

■ 10. Given a juvenile's constitutional right to trial by jury, we hold that Rule 10–228 can do no more than encourage a counseled decision at an early stage of the proceedings. We note that Rule 10–106(B) NMRA (1996) provides for the enlargement

---

**4.** "A jury trial on the issues of alleged delinquent acts may be demanded.... If no jury is de- manded the hearing will be by the court without a jury...." NMSA 1978, § 32–1–31(A).

of time without motion or notice if a request is made before the period expires and upon motion made after expiration of the specific period if "the failure to act was the result of excusable neglect." We expect counsel to confer with the child within the time specified or to request an extension of time within which to confer with the child. The child's right to a jury trial, however, can be waived only through an understanding and intelligent decision by the child, not through neglect of counsel. In this case, on the facts shown, the time to request a jury trial should have been extended. While Rule 10–228 serves the important purpose of promoting the efficient functioning of the juvenile courts, this purpose cannot infringe on a constitutionally protected right. "[T]he need for simplicity and procedure is outweighed by the need to safeguard the constitutional rights of the child." *State v. Doe,* 95 N.M. 302, 304, 621 P.2d 519, 521 (Ct.App.1980).

11. *Conclusion.* For the foregoing reasons we reverse and remand for trial by jury.

**IT IS SO ORDERED.**

BACA, C.J., and FRANCHINI, MINZNER and McKINNON, JJ., concur.