1999-NMCA-157

993 P.2d 120

**In the Matter of CHRISTOPHER K., A Child, Respondent–Appellant.**

**No. 20,612.**

Court of Appeals of New Mexico.

Nov. 19, 1999.

Patricia A. Madrid, Attorney General, Santa Fe, Steven S Suttle, Assistant Attorney General, Albuquerque, New Mexico, for Appellee.

Mark H. Donatelli, John L. Sullivan, Rothstein, Donatelli, Hughes, Dahlstrom, Cron & Schoenburg, LLP, Santa Fe, New Mexico, for Appellant Christopher K.

## OPINION

BOSSON, Judge.

{1} In this appeal, we decide whether a child in a delinquency action may withdraw his request for a jury trial without the concurrence of the State. The children's court held that Child could not and scheduled the matter for trial before a jury. On interlocutory appeal from that ruling, we reverse and remand for trial without a jury.

{2} This appeal presents a discrete and controlling question of law which requires us to interpret a state statute, Supreme Court rules of procedure, and the New Mexico constitution. We look first to state statute and the rules of criminal procedure for children's court to examine a child's right to a jury trial, and to waive a jury if desired, and whether the State has any corresponding right to a jury trial that stands in conflict.

{3} The right of a child in a statutory delinquency proceeding to demand a jury trial is clearly enunciated in NMSA 1978, § 32A–2–16(A) (1993) which states, "A jury trial on the issues of alleged delinquent acts may be demanded by the child, parent, guardian, custodian or counsel in proceedings on petitions alleging delinquency when the offense alleged would be triable by jury if committed by an adult." Obviously, neither the State nor its representative is included within the group of persons having a right to "demand" a trial by jury. The State suggests, without authority, that the unspecified reference to "counsel" in the statute grants the children's court attorney as well as the child's counsel a right to demand a jury trial. We find the argument particularly unpersuasive. All the other persons listed in Section 32A–2–16(A) are allied exclusively with the child, and the contextual meaning of a word in a statute is often determined by its neighbors. *See* 2A Norman J. Singer, *Sutherland Statutory Construction* § 47.16 (5th ed.1994) (statutory construction canon of *noscitur a sociis*). Even conceding that the word "counsel" can generally apply to either side, "when the legislature recites specific examples followed by a general phrase, it is a fair presumption that the legislature intended the general language to be focused on the class of specific examples enumerated." *Hartman v. Texaco Inc.*, 1997–NMCA–032, ¶ 10, 123 N.M. 220, 937 P.2d 979 (applying canon of statutory construction *ejusdem generis*). In short, we hold that the legislature has not created any right in the State to demand a jury trial in a delinquency proceeding under the Children's Code.

{4} In addition, that same statutory section, 32A–2–16, specifically addresses the subject of waiver: "If no jury is demanded, the hearing shall be by the court without a jury." Again, the State has no right under the statute to participate in that waiver by withholding its consent. The unilateral right of the child to elect or waive a jury is buttressed by Children's Court Rule 10–228 NMRA 1999, which sets forth the procedure for the child to elect a jury trial, and then stipulates that "[i]f demand is not made as provided in this paragraph, trial by jury is

deemed waived." Rule 10–228(A). Like the statute, the rule leaves no room for the State to concur in, or object to, that waiver. *See id.* (committee commentary) (stating that "[i]f no jury is demanded, the hearing will be by the court without a jury").

■ {5} By way of contrast, the child directs our attention to the district court rules of criminal procedure for adult crimes, in which a jury trial waiver is not valid unless accompanied by "the approval of the court and the consent of the state." Rule 5–605(A) NMRA 1999. We find this comparison instructive. Our Supreme Court recently interpreted that comparison, albeit in dictum, in *State v. Eric M,* 1996–NMSC–056, ¶¶ 8–9, 122 N.M. 436, 925 P.2d 1198, in which the Court noted the relative lack of "formalities" in children's court to effect a waiver, and the Court concluded that, unlike adult proceedings, "[i]n a juvenile proceeding the express and intelligent consent to waive a jury trial, given by the juvenile to defense counsel, is sufficient to satisfy the requirements of due process," as well as the requirements of Rule 10–228, without any participation by the State. Accordingly, we are persuaded that, at least under the present statute and rules of procedure, a child's right to waive a jury trial may be exercised unilaterally with or without the consent of the State.

■ {6} The State counters with an argument based on the state constitution, N.M. Const. art. II, § 12 of the Bill of Rights which reads, "The right of trial by jury as it has heretofore existed shall be secured to all and remain inviolate." The State correctly observes that under the law at the time of statehood, an era preceding the first juvenile code, children accused of criminal acts were apparently treated no differently from adults. *See Peyton v. Nord,* 78 N.M. 717, 723, 437 P.2d 716, 722 (1968). Under the law at that time, adults could not even waive jury trial. *See State v. Hernandez,* 46 N.M. 134, 123 P.2d 387 (1942). It was not until 1942 that our Supreme Court first recognized in *Hernandez* that an adult defendant had a right to waive a jury trial, and even then that waiver was conditioned upon the defendant securing the consent of the state and the concurrence of the court. *See State ex rel.*

*Gutierrez v. First Judicial Dist. Court,* 52 N.M. 28, 33, 191 P.2d 334, 337 (1948). It is still the law for adults that the right to waive a jury trial is bilateral, not unilateral. *See* Rule 5–605.

{7} The State reasons from this background that the constitutional right to a jury trial, and to waive a jury, must be identical for adult and juvenile defendants because that is how it was at statehood. It follows that any statutory effort to give juveniles a right to jury trial different from adults, for example one that could be waived unilaterally, would· contradict the constitutional injunction that the right to jury trial, "as it has heretofore existed shall ... remain inviolate." N.M. Const. art. II § 12. Thus, the State asks us, at least implicitly, to declare Section 32A–2–16(A) and Rule 10–228 unconstitutional to the extent that they allow a juvenile to waive a jury without the consent of the State, a right which juveniles did not have at statehood and which differs from the corresponding right of an adult.

{8} We find the State's constitutional argument novel, yet unpersuasive. First, we observe that in the entire judicial history of our state courts, not one appellate opinion applying to juveniles has ever held as the State suggests. To the contrary, our courts have consistently indicated that a juvenile can waive a jury trial without ever intimating that the State had a constitutional right to concur. *See Eric M.,* 1996–NMSC–056, ¶ 9; *Peyton,* 78 N.M. at 727, 437 P.2d at 726; *State v. Doe,* 94 N.M. 637, 640, 614 P.2d 1086, 1089 (Ct.App.1980). We are convinced this is no inadvertent omission.

{9} Over thirty years ago in *Peyton,* the seminal New Mexico opinion on jury trials for juveniles, the Supreme Court expressly acknowledged the juvenile's right to waiver, and the Court indicated that exercise of that right was between the juvenile and his counsel and could be waived "as in the best interests of the juvenile," not the State. *Peyton,* 78 N.M. at 727, 437 P.2d at 726. Indeed, the Court in *Peyton* assumed that in most juvenile cases a jury would be waived in the juvenile's interest, and that "it will be the exceptional case where a jury is demanded." *Id.* Recall that twenty years before, in *Gu-*

*tierrez*, the Supreme Court had discussed this same right of waiver for adults and had conditioned it upon the consent of the State. Perhaps to make the breadth of the juveniles' right of waiver all the clearer, the Court in *Peyton* concluded by disclaiming any opinion "as to the applicability of the holding in *State ex rel. Gutierrez* " to juvenile proceedings. *See Peyton,* 78 N.M. at 727, 437 P.2d at 726. After *Peyton,* therefore, we conclude that *Gutierrez* has little applicability today to jury trials in juvenile delinquency proceedings.

{10} We also observe that even in the *Gutierrez* opinion, the Supreme Court relied in part on the absence of any New Mexico statute entitling a defendant to waive a jury trial without the consent of the State, and the Court used that fact to distinguish opinions from other states that did have such enactments and did allow unilateral waiver by adult defendants. *See Gutierrez,* 52 N.M. at 32, 191 P.2d at 336. Of course, New Mexico now has just such a waiver statute for juveniles, and we doubt the Court in *Gutierrez* intended to imply that such statutes would violate the New Mexico constitution. *See* § 32A–2–16.

{11} We find additional support for our conclusion in the inherent nature of a bill of rights which is to protect "the most basic guarantees of individual liberty *against* the power of the state," and not to defend alleged rights of the state against its citizenry. *See State ex rel. Whitehead v. Vescovi–Dial,* 1997–NMCA–126, ¶ 12, 124 N.M. 375, 950 P.2d 818. This would be a strange place indeed to read into the constitution a right in the State to veto the child's intelligent and knowing waiver of a jury trial, based on tactical considerations that presumably adhere to the benefit of the State (which wants a jury trial), and not to the benefit of the child (who prefers waiver).

{12} Accordingly, we hold that the child in the present proceeding has a right to waive his jury trial without securing the concurrence of the State. We hold that the State has no right grounded in either state statute, court rule, or the state constitution to impose a right of concurrence on that waiver. The Children's Court having ruled otherwise, we hereby reverse that decision and remand this matter for further proceedings consistent herewith.

{13} **IT IS SO ORDERED.**

PICKARD, C.J., and WECHSLER, J., concur.