This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                         NO. 34,616

**HIRAM MORRIS,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Darren M. Kugler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellant

Lilley and O'Connell, P.A.
Jess R. Lilley
Erin O'Connell
Las Cruces, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1} Defendant was charged by indictment with ten counts of first-degree criminal sexual penetration of A.M., a child under the age of thirteen, in violation of NMSA 1978, Section 30-9-11(D)(1) (2009) and one count of contributing to A.M.'s delinquency in violation of NMSA 1978, Section 30-6-3 (1990). The State filed a motion to conduct a videotaped deposition of A.M. in lieu of in-court testimony at trial under NMSA 1978, Section 30-9-17 (1978) and Rule 5-504 NMRA. Defendant opposed the State's motion and filed his own motion for an independent assessment of A.M.'s competency to testify as a witness at trial.

{2} The district court held a hearing on the motions on February 27, 2015. At the hearing, A.M. stated her name, age and birthday, the school she attended, who she lived with, and the name of her mother. A.M. told the court the name of her counselor, her appointment schedule with the counselor, identified the judge and stated that she was in a courtroom to answer questions. A.M. further explained that she understood the difference between telling the truth and telling lies, that she was obliged to tell the truth in court, that the consequences for lying in court could include jail, and that taking an oath meant making a promise to tell the truth, raising one's hand, and saying "I am telling the truth[.]" Asked why she had not immediately reported her alleged abuse by Defendant, A.M. responded that Defendant had told her not to tell anyone about the abuse and that she had essentially repressed her recollection of the abuse

until she saw a therapist some years later.

**{3}** The district court held that A.M. was not competent to testify as a witness and declared her unavailable to testify at trial. In its written findings of fact, the district court found that A.M. was able to tell the difference between truth and falsehood as well as the consequences of telling lies while under oath. Nonetheless, the district court found A.M. incompetent to testify because she "does not have the capacity to sufficiently recall, recollect, or relate the events surrounding the allegations at issue, and [her] memory is sketchy and not reliable."

**{4}** This was error. Rule 11-601 NMRA provides that "[e]very person is competent to be a witness unless these rules provide otherwise." The only rules of evidence that "provide otherwise" are Rules 11-602 (requiring personal knowledge) and 11-603 NMRA (requiring a witness to swear "an oath or affirmation to testify truthfully . . . . in a form designed to impress that duty on the witness's conscience"). As we recently explained in *State v. Perez*, 2016-NMCA-033, 367 P.3d 909, *cert. denied*, 2016-NMCERT-___, ___ P.3d ___, "when the competency of a witness is at issue, the district court is required to determine only whether he or she meets a minimum standard, such that a reasonable person could put any credence in their testimony." *Id.* ¶ 14 (internal quotation marks and citation omitted). This "minimum standard" is simply " 'a basic understanding of the difference between telling the truth

3

and lying, coupled with an awareness that lying is wrong and may result in some sort of punishment.' " *Id.* (quoting *State v. Hueglin*, 2000-NMCA-106, ¶ 24, 130 N.M. 54, 16 P.3d 1113). It does not permit the trial court to assume the role of a gatekeeper, preventing the jury from hearing lay witness testimony based on the judge's own assessment of a witness's credibility or usefulness at trial.

{5}     Defendant argues that the district court acted within its discretion because "[t]he ability to recall and recount issues" is a permissible area of inquiry when the district court is evaluating the competency of "a young child or . . . [a witness with] mental deficiencies[.]" But there is no requirement in the Rules of Evidence or our caselaw that a witness's recollection of an event have some minimally verifiable level of accuracy in order for the witness to be found competent to testify regarding that event. Whether or not the witness's memory is photographic, murky, or some point in between goes to the weight the jury gives to the witness's testimony, not whether the witness is permitted to take the stand in the first instance. *See Hueglin*, 2000-NMCA-106, ¶ 22 ("[A] witness wholly without [mental] capacity is difficult to imagine [and t]he question is one particularly suited to the jury as one of weight and credibility[.]" (internal quotation marks and citation omitted)).

{6}     The cases Defendant cites, in support of his contrary reading of Rule 11-601, do not support his position. Both *In re Pamela A.G.*, 2006-NMSC-019, 139 N.M. 459,

134 P.3d 746, and *State v. Doe*, 1980-NMCA-091, 94 N.M. 637, 614 P.2d 1086, concern (and upheld) the admission of a child's out-of-court statements under the residual exception to the rule against hearsay. Their discussion of the child's willingness or ability to recall previous events relates to the requirement that hearsay admitted pursuant to the residual clause be "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts[,]" not an available witness's competency to testify. Rule 11-807(A)(3) NMRA; *see In re Pamela A.G.*, 2006-NMSC-019, ¶¶ 1-7; *State v. Doe*, 1980-NMCA-091, ¶ 7.

{7}     Defendant cites *State v. Whitfield*, No. 29,774 mem. op. (N.M. Ct. App. July 27, 2011) (non-precedential), for the proposition that a district court may inquire into a child witnesses' family, plans for the future, etc., in order to test the ability to observe, recollect, and communicate only relates these inquiries in its description of the district court's voir dire to the witness on his or her competency. *See id.* at 5. More importantly, the *Whitfield* court rejects an argument indistinguishable from the one Defendant makes here, holding that a child witnesses' inconsistent testimony about his recollection of the events at issue went to the witness's credibility with the jury, not his competency to testify. *Id.* at 6.

{8}     Defendant quotes *State v. Macias*, 1990-NMCA-053, ¶ 13, 110 N.M. 246, 794

P.2d 389. In *Macias*, this Court stated that it is within the district court's discretion to inquire into a witness's "understanding, intelligence, and capacities to observe, recall, and communicate" in deciding a witness's competency to testify. *Id.* ¶ 15. But *Macias* says that such an inquiry is to be made "in light of the consequences that the [competency] determination will have"—in other words, that the witness will be able to understand and recall that he or she took an oath to tell the truth. *Id.* Such a limited inquiry is different from one in which the presence or absence of some objectively evaluated capacity to recall allows or disallows the testimony of a trial witness. *See Hueglin*, 2000-NMCA-106, ¶ 22 ("Rule [11-]601 completes the restructuring of the judge's and jury's functions that began when courts and legislatures began abrogating rules of disqualification . . . . [and] represents the culmination of the trend that has converted questions of competency into questions of credibility[.]").

**{9}** Defendant lastly suggests that even if the district court's decision is erroneous, we should nonetheless affirm it as within the traditional discretion we afford to district courts' rulings on questions of competency. But we do not owe the district court any deference if it applied an incorrect standard of law to reach its competency determination. *Perez*, 2016-NMCA-033, ¶ 11. The district court did just that by conflating the accuracy and credibility of A.M.'s recollections, a question solely of concern to the jury, with her ability to distinguish truth from falsehood and understand

6

the significance of taking an oath. We therefore reverse the district court's determination that A.M. is not competent to testify as a witness at trial and remand for further proceedings. *See Perez*, 2016-NMCA-033, ¶ 24 (reversing a district court's determination that a child witness was incompetent to testify).

{10}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**RODERICK T. KENNEDY, Judge**

7