63 P.(2d) 1037

**STATE ex rel. GANDERT et al. v. ARMIJO.**

No. 4274.

Supreme Court of New Mexico.

Dec. 24, 1936.

M. E. Noble, of Las Vegas, and E. R. Cooper, of Mora, for relators.

H. E. Blattman, of Las Vegas, for respondent.

SADLER, Chief Justice.

The relators were candidates, respectively, for the offices of school superintendent, treasurer, and commissioner of Mora county, N. M., at the general election held on November 3, 1936. Certificates of election having been issued to the opposing candidates for school superintendent and treasurer following the official canvass by the county commissioners, sitting as the county canvassing board, the relators seasonably filed a petition for recount of the votes cast and canvassed for all such offices in precincts 3, 13, and 25 of Mora county. The petition was duly presented to Hon. Luis E. Armijo, judge of the Fourth judicial district embracing Mora county, who, finding the same sufficient and the requisite bond on file, in accordance with mandate of the statute, signed and caused to be entered an order in the proceeding fixing November 21, 1936, at 10 o'clock a. m. at the county courthouse at Mora, N. M., as the time and place for holding said recount.

Thereupon, the three relators filed in said proceeding their separate affidavits pursuant to chapter 184, New Mexico Session Laws of 1933, seeking disqualification of respondent from proceeding further in the recount upon the ground, as alleged, that according to the belief of affiants, he cannot preside therein impartially. The respondent having announced in open court that he regarded the affidavits ineffective and would disregard the same, relators applied to this court for an alternative writ of prohibition and prayed that respondent be ordered to show cause why said writ should not be made permanent upon final hearing. An alternative writ having been granted, the matter is now before us upon said writ and respondent's answer thereto. The facts are all admitted and we have only to resolve certain legal questions arising on the facts.

Since one point raised by respondent's answer appears decisive, we shall proceed immediately to its consideration. Relators, upon filing the petition for recount, saw fit to submit to the respondent for decision the sufficiency of their petition to invoke an order directing the recount and the determination whether adequate security by way of cash deposits or bond had been furnished. His action in signing an order fixing the time and place for the recount reflects favorable judgment upon sufficiency of the petition and bond. In thus passing upon the petition and security, the respondent was performing a judicial function. State ex rel. Scott v. Helmick, 35 N.M. 219, 294 P. 316. Whether what remained in said proceeding for performance by respondent be deemed judicial or ministerial in its nature, it is here unimportant to determine. Even though conceded to be judicial, the judge may not, under the statute, be disqualified from proceeding in the case. State ex rel. Shufeldt v. Armijo, 39 N.M. 502, 50 P.(2d) 852; State ex rel. Tittman v. Hay, 40 N.M. 370, 60 P.(2d) 353.

The effect of the two decisions just cited is to declare that a party may not disqualify the trial judge under the statute after having submitted to him for ruling an important issue in the case. Of course, timeliness of filing the petition for recount and sufficiency of its allegations to invoke the order fixing the time and place therefor and to bring forth the direction to the clerk to summon the proper officials for conducting the recount form the very foundation of the proceeding. The right to the recount already has been adjudged. Nothing remains but to conduct it in the presence of the persons directed. It is then too late for the parties at whose instance the proceeding has been advanced thus far to stay the hand of the judge in sole reliance upon the statute.

Relators argue that it is not every exercise of judicial discretion by the trial judge at the instance of the party invoking the statute which will make a subsequent filing of the affidavit untimely, citing State ex rel. Tittman v. Hay, supra. In that case, before filing the affidavit of disqualification on behalf of the state, the Attorney General had presented to the resident judge an application for an order to show cause why a temporary restraining order should not be granted pendente lite. The order was granted and followed by filing of the affidavit.

While such fact appears, neither the opinion nor the record in that case discloses point to have been made of the circumstance in support of the claim of untimeliness. On the contrary, and as the opinion shows, the fact relied upon to support such claim was the filing of a demurrer to the complaint by relator as defendant in the case below and of brief in support thereof. He contended that the cause was thereby submitted for ruling on the demurrer. The trial judge had never indicated that the demurrer was to be submitted on briefs. The Attorney General had not filed a brief, nor had a hearing on the demurrer ever been held. As against this claim of untimeliness, there clearly being no submis-

sion, we held the affidavit was seasonably filed.

Even if the Tittman Case be interpreted as relators contend, there still is a noticeable difference between the order to show cause there signed and the order here involved. The former granted no relief whatever, merely citing defendant to show cause why the temporary relief prayed should not be awarded. It was but little, if any, different in effect from a notice served on defendant by plaintiff that on a given date he would apply to the court for a temporary restraining order. The ineffectiveness of such an order to render untimely an affidavit subsequently filed could not be made decisive of the present situation. The order here made actually awarded relief by ordering the recount and directing service of summons on all officials whose presence was essential to conducting same. All that remained to be done, indeed, was to count and tally the votes, in the doing of which the judge has no part except as an observer. The procural of such an order rendered untimely the affidavit subsequently filed by the party procuring it.

The conclusions reached render it unnecessary to decide relators' futher contention that the Legislature, by enacting Laws 1935, c. 147, § 52, has made the disqualification statute applicable to ministerial as well as judicial acts to be performed by a district judge in any action or proceeding, civil or criminal. It seems obvious such is not the case. But granting the contention, the doctrine of timeliness would still obtain and relators would not be aided.

For the reasons given, the alternative writ heretofore issued will be discharged and the petition dismissed.

It is so ordered.

HUDSPETH, BICKLEY, and ZINN, JJ., concur.

BRICE, J., did not participate.