In this suit there is involved the construction and effect of certain clauses in the will of decedent. The facts are *Page 498 
undisputed. Decedent died in 1874 leaving four children. A trust fund in the amount of $1,000,000 was created for these four children, each of them to receive a life interest in one-quarter of the fund. The will provided that upon the death of any of three of the children, namely Eva, Charles and Elizabeth, their issue should receive the $250,000 left in trust for the parent. Upon the death of any one of these three named children without issue, the corpus held in trust for such children was to be distributed among the remaining children or their issue, except that the will provided "although it is my will and I here direct that the issue of my son, Elias, by his present wife, shall not be entitled to or receive any portion of the share of any deceased child under this devise."
Paragraph third concludes as follows:
"And upon the death of my said son, Elias H. Sisson, leaving children by his present wife surviving him I do direct my executors to keep and invest such portion of said sum of two hundred and fifty thousand dollars so devised in trust for my said son as will yield an income of two hundred and fifty dollars a year for each one of the children of my said son then living and under the age of twenty-one years, and to pay to each of said children said sum of two hundred and fifty dollars a year till he or she shall arrive at the age of twenty-one years and no longer.
"And the whole residue of said sum of two hundred and fifty thousand dollars so devised in trust for my said son, Elias, shall upon his death without leaving other issue than that begotten by his present wife be paid and transferred by my executors to my other three children and to the issue of such as may be dead, the issue taking only the share their parent would take if living.
"But if my said son, Elias, shall upon his death leave any issue by another wife begotten than his present wife, then I direct that such residue of said sum of two hundred and fifty thousand dollars so devised in trust for him be paid and transferred by my said executors to such issue equally upon his, her or their attaining the age of twenty-one years."
Elias H. Sisson died in 1910, intestate without having divorced his wife, Adelia Seaman Cox Sisson, who in fact survived him, dying in 1914. Elias H. Sisson had four children by his wife, Adelia Seaman Cox Sisson, two of whom predeceased him without issue. One son, Charles Hewitt Sisson, died in 1941, leaving three children, and another son died in 1924 leaving a widow as his only survivor. *Page 499 
Another son of testator died intestate in 1883; leaving two daughters, one of whom died in 1942, leaving no issue and no husband, and the other daughter who died in 1941, leaving a husband and an adopted daughter.
The third child of testator, Eva B. Browning, died unmarried in 1931 without issue. The fourth child of testator, Elizabeth B. Sisson Wilkinson, died in 1930 leaving a daughter, Eva S. Wilkinson.
It is the contention of complainants that the quoted conditions of the will limiting the rights of his son, Elias H. Sisson, to a life estate and the rights of the children of Elias H. Sisson by his wife, Adelia Seaman Cox Sisson, to a stated income during their minority, is void as a matter of public policy because of the provision that in case Elias H. Sisson should have children by another wife, his children by this other wife would take the remainder in the trust fund. The contention is that this is an inducement to the procuring of a divorce by Elias H. Sisson so as to enable him to remarry and have children capable of taking the remainder of the fund. In several other places in the will the provisions of the quoted paragraph are repeated so that it is evident that testator so completely disapproved of the wife of Elias H. Sisson that he was unwilling that any children by this wife should have any share of his estate other than the small annuity during their minority. The will contemplated that his son might have children by a second wife who would not be tainted with the blood of Adelia Seaman Cox Sisson.
It is well settled that a testamentary condition based upon the separation of a husband and wife is void as against public policy. The rule is laid down in Girard Trust Co. v. Schmitz,129 N.J. Eq. 444, where the court says:
"The courts of England and in this country have declared that a testamentary condition is void as against public policy if it is intended or directly tends to induce or bring about a future separation or divorce of husband and wife."
To the same effect Dwyer v. Kuchler, 116 N.J. Eq. 426.
In my opinion there is no force in the claim that the quoted provision in the will constitutes a condition which tends to induce a divorce between Elias H. Sisson and his *Page 500 
wife, Adelia. An analysis of the provisions demonstrates that there is no incentive to Elias H. Sisson to divorce his wife. Whether he remarried and raised another family would have no effect whatever on the amount he is to receive under the trust fund. In any event he is to receive the income of the $250,000 during his life, whether he divorces his wife or survives her or remarries, or has or has not children by another wife. Nor is the provision for the children by his wife, Adelia, affected in any way by the action of the father, whether he divorces her, or survives her, and remarries and has children by another wife or not. In any case, the provision of the will is that his children, by his wife Adelia, upon his death are to receive a sum of $250 a year, until they reach majority and no more.
It is perfectly clear that testator, if he so desired, had a right to disinherit his son, Elias H. Sisson, entirely or leave him as much as or as little of his estate as he desired. It is equally clear that testator had a right to disinherit completely the children of his son by his wife Adelia, or to leave them as much as or as little of his estate as he desired. He had a right to do this even though such partial or complete disinheritance was based upon disapproval or even hatred of his son's wife, Adelia, or any other motive.
Had the language of the will been that the son, Elias, was to receive a share of the estate on condition that he separated from or divorced his wife, Adelia, or even if the provisions were that the children of Adelia were to receive a share of the estate on condition that their father and mother were divorced we would have a condition which would be void, because it would tend to bring about a separation between a husband and wife. In the instant suit, however, we have nothing of the kind. There is in the first place a provision substantially disinheriting children of Adelia, which the testator had an absolute right to do, with a further provision that if Elias H. Sisson should have children by another wife, those children were to have the remainder of the trust fund created for him. The contention of complainants that this is to be considered as an inducement to the breaking up of a marriage is entirely too remote, since, as has been pointed *Page 501 
out, there is no consideration or benefit moving to a person who would be the one to bring about a dissolution of the marriage, namely, Elias H. Sisson. The present situation is analagous to that referred to by Vice-Chancellor Bigelow in Dwyer v.Kuchler, supra (at p. 429), where he said that a gift of income to a daughter until divorce or death of her husband is valid on the ground that it does not exhibit intent to cause divorce. In the case now before the court a will was a clear substantial disinheritance to the grandchildren of testator by the wife that was disapproved of, with the provision that if his son should have children by another wife, then and in that event these grandchildren should inherit. I accordingly find that the provision in the will is not void as against public policy.
The complainants further contend that this provision of the will is ineffectual as to the children of Adelia Sisson, because of a prior provision in the will wherein after creating the $1,000,000 trust, he directed: "that my executors * * * shall hold in trust for each one of my four children * * * and his or her issue, the sum of $250,000." The argument is that this gives a right of inheritance to the children of Elias H. Sisson by his wife, Adelia. This contention is unsound since the will proceeds to make it abundantly clear, and repeatedly so, that the children of Adelia would have nothing except the minor annuity during their minority. For example he states: "It is my will and I here direct that the issue of my son, Elias, by his present wife shall not be entitled to or receive any portion of the share of any deceased child under this devise." It is a thoroughly established canon that in construing a will the intent of the testator is gathered from the four corners of the will. Peer v. Jenkins,102 N.J. Eq. 235; Johnson v. Haldane, 95 N.J. Eq. 404, in which the rule is laid down by Vice-Chancellor Backes as follows:
"In construing a will the predominant idea of the testator's mind, if apparent, is heeded as against all doubtful and conflicting provisions which might of themselves defeat it."
In my opinion, complainants have no rights in the estate of decedent and the bill must accordingly be dismissed. *Page 502