**Dorothea C. PATTEE, Plaintiff,**

v.

**The RIGGS NATIONAL BANK OF WASHINGTON, D. C., as executor and trustee under the last will and testament of Dorothy Webb Cruger, deceased, et al., Defendant.**

**Civ. A. No. 5002-53.**

United States District Court, District of Columbia.

July 9, 1954.

---

Carlton Harkrader, Newell A. Clapp and Charles S. Murphy, Washington, D. C., for plaintiff.

Nelson T. Hartson and George E. Monk, Washington, D. C., for defendant.

TAMM, District Judge.

The plaintiff is a daughter of the testatrix in this case. She seeks by her complaint for construction of the will to have the Court declare a portion of her mother's will null and void as being against public policy, and that she is accordingly entitled to one-half of the residuary estate in fee simple.

The provision of the will which is attacked by plaintiff provides:

"(a) If my aforesaid daughter, Dorothea Pattee, shall survive me and not be married to her present husband, Richard Pattee, at the time of my death, I give, devise and bequeath unto her, absolutely, and in fee simple, a full one-half (½) part of my residuary property and estate aforesaid; but if my said daughter shall survive me and be married to the said Richard Pattee at the time of my death, then, instead, I give, devise and bequeath said full one-half part of my residuary property and estate aforesaid, absolutely and in fee simple, unto The Riggs National Bank of Washington, D. C., a national banking institution doing business in the District of Columbia, its successors and assigns, as trustee, *in trust,* * * * to pay over the net income arising therefrom unto my said daughter during the continuance of this trust. In addition to said net income, I direct my trustee to pay to or to use and apply for the benefit of my said daughter, such sums from the principal of this trust fund as my trustee shall deem to be reasonably needed from time to time to assure her proper maintenance and support, in the event that her personal funds shall be insufficient therefor and her husband shall fail or be unable to provide properly for her, as to all of which the judgment and discretion of my trustee shall be binding and conclusive upon all concerned. This trust shall finally cease and determine upon the termination of the marriage of my said daughter to said Richard Pattee, whether by his death or by divorce or upon the death of my said daughter, whichever of these events shall first occur, whereupon my trustee shall transfer, assign and pay over the entire trust property and estate then held by it under this subitem (a), absolutely and in fee simple, unto my said daughter, DOROTHEA PATTEE, if she shall then be living, but if not, *per stirpes,* unto her then surviving issue, * * *"

Plaintiff, setting forth that she was married to her present husband, Richard Pattee, when the will was made, contends that the condition relating to her marriage and providing that she is to receive one-half of the residuary estate "absolutely and in fee simple" if she divorces her husband holds out to the plaintiff an inducement to divorce her husband, and that this condition is null and void because it is against public policy. The de-

**554**

fendant Bank, as executor under the will, challenges plaintiff's contentions.

■ Ample authority supports the general rule that a provision in a will which conditions a gift or benefit thereunder on the divorce or separation of married persons is void as against public policy and good morals, where it manifestly tends to induce such divorce or separation.

The rule set out above has been qualified in several instances by cases holding that such a provision is valid where it appears from the will in connection with the surrounding circumstances that only a divorce or separation for a cause recognized by law was intended by the testator. To make the condition void as against public policy, some cases hold it must appear from the language of the will, alone or in connection with extrinsic facts, that the testator in the particular case in question conditioned his gift upon an illegal divorce or separation. Other cases point out that a divorce is a legal right obtainable only for cause, and that while the separation of persons who are husband and wife is against public policy, where divorces are provided for, sanctioned, and regulated by law, the premise of divorce being against public policy is unsound.

■ A gift or benefit by will, conditioned on the divorce or separation of married persons, is valid if it is made by way of provision for an existing or anticipated separation, or for any other reason does not operate as an inducement to the parties to separate or obtain a divorce.

■ It is a fundamental concept of law that an inference that one is moved by an improper or unlawful motive should never be drawn when a legitimate purpose is just as apparent.

In the present case, the words indicating an inducement to divorce occur in only two places:

"If my aforesaid daughter, Dorothea Pattee, shall survive me and not be married to her present husband, Richard Pattee, at the time of my death, I give * * * absolutely * * *"

and

"This trust shall finally cease * * * upon the termination of the marriage of my said daughter to said Richard Pattee, whether by his death or by divorce * * *."

On the other hand, the testatrix sets out in specific terms the intention to assure the daughter's "proper maintenance and support, in the event that her personal funds shall be insufficient therefor and her husband shall fail or be unable to provide properly for her. * * *"

A number of other points seem significant: (1) The will does not state that the daughter will get nothing unless she divorces her husband. The daughter is not only being left the income from the trust, but in the discretion of the trustee, the principal may be used for her support and maintenance when circumstances of the marriage make this reasonably necessary. This added provision as to the availability of part of the principal from time to time when "reasonably necessary" seems another indication that the mother was concerned primarily with providing support and maintenance. An inducement to obtain a divorce certainly would be much stronger if the principal of the trust could not be touched. (2) Termination of the trust is not conditioned by divorce alone, but also by the death of the husband or the daughter. In determining the intention of the testator, consideration must be given to all of these contingencies together rather than emphasizing solely the single condition of divorce. (3) Although the reported cases do not make the distinction, most of the cases finding the discussed condition void as against public policy involved gifts to sons. Here the beneficiary is a daughter, thus advancing the argument of a natural and praiseworthy action of a mother in protecting her daughter by granting her the income from the trust while the daughter is married and can depend upon the lawful support of her husband, but vesting the principal of the estate when and if the daugh-

ter loses the support of the husband through his death or divorce.

Reading the trust provisions in their ordinary meaning, it seems clear that the mother intended, so far as was possible, to protect her daughter's financial future. There remains for consideration the argument that it is not the testatrix's intention but the effect of the words which must be considered. A basic question seems to be whether a condition of a will is invalid if the possible effect, or probable effect, of the condition is to induce married persons to obtain a divorce notwithstanding the testator's intention to accomplish some other purpose. A number of cases seem to treat the question of the effect of the condition and the intention of the testator as one, holding that since the testator never intended to induce a divorce, the condition is valid, and do not discuss the effect of the condition or its possible opposition to the intent of the testator.

 An obvious purpose of destroying a marriage will not ordinarily be upheld in most jurisdictions although there are courts which hold that the condition is valid as long as it does not contemplate an illegal divorce. This latter view, however, appears to the Court as being too vague and uncertain a ground for sustaining or rejecting a testamentary condition and also too precarious as a standard of public policy. Public policy should be based more upon the effect of a condition than on the intent of the testator, that is, on what a person does rather than upon what he intends to do. Accepting this premise, the duty of the Court is, then, to weigh the circumstances of each case to determine whether the reasonable effect of the condition would or would not be to effect a divorce. In the present case, it seems clear that the testatrix did not intend to induce a divorce but to provide for the support of her daughter. While the provision vesting the estate upon divorce from the husband could be construed as a possible inducement to divorce, this does not seem a reasonable conclusion where both income and part of the principal of the estate are available to the daughter during the existence of the marriage.

The basic rule in construing wills is that the intention of the testator must be given effect unless inconsistent with law. The intent seems clear here. The question is whether the intent is inconsistent with public policy. The Court concludes that considering all of the provisions of the will as they affect this plaintiff, the will is a valid and legal one. The Court, accordingly, will grant judgment on the pleadings for the defendant, Riggs National Bank.