In the Matter of the ESTATE OF Daina Jacqueline SCHMIDT, Deceased.

Ronald W. ROBINSON and Juanita Robinson, Petitioners-Appellees,

v.

Emogene BLAKE, as Personal Representative of the Estate of Daina Jacqueline Schmidt, Deceased, Respondent-Appellant.

No. 80CA1042.

Colorado Court of Appeals, Div. II.

Aug. 27, 1981.

Rehearing Denied Sept. 17, 1981.

Certiorari Denied Dec. 21, 1981.

Dailey, Goodwin & O'Leary, P.C., Clive A. O'Leary, John L. Dailey, Aurora, for petitioners-appellees.

Irvin M. Kent, Denver, George A. Hinshaw, Aurora, for respondent-appellant.

PIERCE, Judge.

The issue involved in this appeal is the interpretation of a portion of the will of the deceased, Daina Jacqueline Schmidt. A declaratory judgment was rendered in favor of the residuary legatees, the Robinsons. We affirm.

Articles II and III–A of the last will of the deceased provided as follows:

"ARTICLE II

*Tangible Personal Property*

A. *Certain Dispositions by Memorandum.*

I give certain items of tangible personal property in accordance with a memorandum which I intend to leave at my death.

B. *Disposition of Balance.*

If for any reason the memorandum referred to in Paragraph A is not in existence at my death, I give to my dear friend, Emogene Blake, of Longmont, Colorado, whatever items of my personal property she chooses, provided she survives me by 30 days.

"ARTICLE III

*Residuary Estate*

A. *Defined.* All of the residue of my estate, both real and personal, of every nature and wherever situated and whenever acquired, including any property not effectively disposed of under Article II, shall constitute my residuary estate."

Further, § 15–11–513, C.R.S.1973, provides as follows:

Whether or not the provisions relating to holographic wills apply, a will may refer to a written statement or list to dispose of items of tangible personal property not otherwise specifically disposed of by the will, other than money, evidences of indebtedness, documents of title, and securities, and property used in trade or business. To be admissible under this section as evidence of the intended disposition ... The writing may be referred to as one to be in existence at the time of the testator's death; it may be prepared before or after the execution of the will; it

may be altered by the testator after its preparation; and it may be a writing which has no significance apart from its effect upon the dispositions made by the will.

Apparently, no such memorandum was ever executed by this testatrix.

■ The district court ruled that "items of personal property" in Article II–B were limited to "items of tangible personal property," which could be disposed of by a memorandum pursuant to § 15–11–513, C.R.S. 1973. We concur in that interpretation of the will.

While we agree that the disputed portion of the will is ambiguous, when Article II is read in conjunction with the rest of the will it is apparent that it was the intent of the testatrix that all of Article II be read and considered as a unit. Article II–B was intended to provide for the possibility that a memorandum might not come into being or remain in existence notwithstanding the testatrix's stated intent to employ a memorandum, and that it therefore was limited to those items which could have been disposed of by memorandum pursuant to Article II–A.

Blake, on the other hand, takes the view that Paragraph A is limited to tangible personal property capable of being disposed of by memorandum under the statute, but Paragraph B was intended to dispose of not only what was capable of being disposed of under the statute, but also certain other personal property consisting of bank and credit union accounts and insurance proceeds. We disagree.

If the testatrix had intended to bequeath the disputed items of personal property to Blake under Paragraph B of Article II–A, she would have had to forego the use of the memorandum since such disposition would be barred by statute. Any use of the memorandum would render Paragraph B inoperative. In order to give all portions of the will meaning and fit them into a comprehensive plan, and in order to fulfill the apparent intent of the testatrix and to give the will an effect which is not contrary to law or public policy, we must interpret Article II–A as a comprehensive unit. *In re Estate of Dewson*, 181 Colo. 189, 509 P.2d 311 (1973).

■ Blake maintains that Paragraph B was written to provide protection from intestacy. We disagree. Article III–A accounts for all personal property not disposed of by memorandum. Therefore, the type of property that the testatrix intended to dispose of in Article II–A was restricted to those items of tangible personal property contemplated by § 15–11–513, C.R.S.1973. Since the General Assembly provided an exclusionary list to avoid any confusion as to what it meant by "tangible personal property" for the purposes of interpreting § 15–11–513, C.R.S.1973, the bank accounts, credit union accounts and insurance proceeds properly pass to the Robinsons under the residuary clause.

The judgment is affirmed.

STERNBERG, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting:

I respectfully dissent.

In addition to the provisions of the will set out verbatim in the majority opinion there is the following provision:

"ARTICLE VII
*RULES AND DEFINITIONS*
C. *Article and Paragraph Titles.* The underlined article and paragraph titles are for convenience only and shall not affect the meaning of the language of this will."

When this definition is read together with Article II–B giving to Emogene Blake all items of *personal property* of the testatrix which Ms. Blake may choose provided she survived the 30 days, it evidences the intent of the testatrix to use *personal property* in an unmodified sense.

Further, the definition of tangible personal property as contained in § 15–11–513, C.R.S.1973, excludes "money, evidences of indebtedness, documents of title, and securities, and property used in trade and busi-

ness" only when to be disposed of by memorandum. Thus, Blake's contention is supported by the inclusion of the word tangible as used with disposition by memorandum in Article II–A.

I would reverse and remand with directions to enter judgment in favor of Blake.