764 P.2d 510

**In The Matter of the ESTATE OF Baudilio BOWLES, Deceased.**

**Pete VIGIL, Tony Vigil, Art Vigil, Polly Trego, Isidro Vigil, Marie Vigil and Jane Salls, heirs of and successors in interest to Julianita B. Vigil, Deceased, Plaintiffs–Appellants,**

v.

**Delfina BOWLES, Personal Representative of the Estate of Baudilio Bowles, Deceased, Defendant–Appellee.**

**No. 10927.**

Court of Appeals of New Mexico.

Nov. 1, 1988.

**740**

James V. Noble, Jr., Santa Fe, for plaintiffs-appellants.

Thomas A. Simons, IV, Santa Fe, for defendant-appellee.

## OPINION

ALARID, Judge.

Plaintiffs appeal the trial court's orders: 1) granting defendant summary judgment and denying their own motion for summary judgment; and 2) construing the testator's will as devising to plaintiffs' deceased a life estate in a portion of the income from real property owned by testator. Our calendar notice proposed summary affirmance. Plaintiffs have timely filed a response to proposal for summary affirmance. Defendant has timely filed a memorandum in support of proposed summary affirmance. Not persuaded by plaintiffs' memorandum, we affirm the trial court.

■ In construing a will, the court must attempt to give effect to the testator's intent. *Gregg v. Gardner*, 73 N.M. 347, 388 P.2d 68 (1963). The testator's intent should be ascertained from the instrument itself. *In re Estate of Kyreazis*, 103 N.M. 2, 701 P.2d 1022 (Ct.App.1984); NMSA 1978, § 45-2-603. Technical rules of construction should be resorted to only if the language of the will is ambiguous or the testator's intent is for any reason uncertain. *Gregg v. Gardner*. The parties agree that the testator's will is clear and unambiguous.

■ In paragraph 6.2 of his will, the testator devised to his sister, the plaintiffs' deceased, "one-half of any income, rents or profits from any real property ... located in Bull Creek (Valle del Toro) or Colonias, New Mexico...." Plaintiffs argue that the above devise manifests a testamentary intent that plaintiffs' deceased receive one-half of the real property in fee simple. Plaintiffs rely on the rule, "[A]n absolute gift of the income of realty, in the absence of anything to indicate a contrary intention, passes the realty." 4 W. Bowe & D. Parker, *Page on the Law of Wills* § 33.21 (1961). *See* Annotation, *Grant or Gift of Income as Carrying an Absolute Interest in the Property*, 174 A.L.R. 319 (1948).

But a contrary intent appears in this case. The will contains a residuary bequest in which testator left to his children, if his wife predeceased him, "[M]y interest in any real property owned by me at the time of my death, which I inherited from my family, located in Bull Creek and/or Colonias, San Miguel County[.]" There is no dispute that the property described in this provision is the same real estate referred to in the bequest to Julianita Vigil.

Plaintiffs attach significance to the fact that the gift to the testator's children was a residuary bequest. The devise to the children was by its terms "in addition to those given and devised under Article VI herein[.]" But that language does not mean that the bequest to Juanita Vigil must be construed as broadly as possible. Rather, we look for a reasonable construction that reconciles the provisions devising the property. *See In re Estate of Martin*, 97 N.M. 773, 643 P.2d 859 (1982).

To construe the residuary bequest to the children as of only one-half the fee is to ignore the plain words of the will. But the bequests to Julianita and to the children can be reconciled if the fee estate is devised to the children and the bequest to Julianita is given its natural interpretation of simply one-half of the income, and noth-

ing further. "If a gift of income, is followed by a gift over of the corpus of the property, such gift over shows that the gift of income was not intended to pass the entire property." *Page on the Law of Wills, supra,* § 33.21.

By the same token, the devise to the children implies that the devise to Julianita was only a life estate. It would be unreasonable to infer that the testator intended Julianita and her heirs to continue to receive one-half of the income from the property in perpetuity. Such an arrangement could readily lead to serious complications in future management of the property. The trial court correctly construed testator's intent as devising to Julianita a life estate in a portion of the income from real property left by testator in determining that title to the realty vested in testator's children.

The construction of the devise to Julianita as a life estate in the income is also consistent with what the will provides in the event the testator's wife survived him. The will states that she would receive "the remainder of all property over which I have the power of testamentary disposition." It does not require a strained construction to include within that "remainder" the ownership interest in the Bull Creek or Colonias property, subject to Julianita's life estate in the income. *See In re France' Estate,* 75 Pa. 220 (1874).

CONCLUSION

The orders of the trial court are affirmed.

IT IS SO ORDERED.

DONNELLY, C.J., and HARTZ, J., concur.