835 P.2d 831

**JMB RETAIL PROPERTIES COMPANY, f/k/a JMB Property Company, Petitioner,**

v.

**Hon. Benjamin S. EASTBURN, District Judge, Respondent.**

**No. 20594.**

Supreme Court of New Mexico.

Aug. 3, 1992.

Montgomery & Andrews, Jeffrey R. Brannen, Joseph E. Earnest, Santa Fe, for petitioner.

Benjamin S. Eastburn, District Judge, pro se.

Sutin, Thayer & Browne, Raymond W. Schowers, Albuquerque, for real party in interest.

Reber Boult, ACLU of New Mexico, Civerolo, Hansen & Wolf, Carl J. Butkus, Albuquerque, amicus curiae, New Mexico Defense Lawyers Ass'n.

Michael Browde, Albuquerque, amicus curiae, New Mexico Trial Lawyers Ass'n.

## OPINION

RANSOM, Chief Justice.

JMB Retail Properties Company filed with the clerk of the district court a peremptory election to excuse the Honorable Benjamin S. Eastburn, the district judge before whom was pending a case in which JMB had been sued. *See* NMSA 1978, § 38–3–9 (Repl.Pamp.1987) (peremptory challenge to a district judge); SCRA 1986, 1–088.1(B)(2) (defendant's peremptory challenge to a district judge). Judge Eastburn

entered an order denying the election to excuse and, pursuant to SCRA 1986, 12–504, JMB petitioned this Court for a writ of superintending control, prohibition, or mandamus requiring Judge Eastburn to recognize the election. At oral argument we ruled from the bench that JMB invoked the discretion of the court by requesting an extension of time within which to answer or otherwise plead, and that JMB thereafter was prohibited from peremptorily challenging the judge. On these grounds, we denied the petition.

*Issues of constitutionality not determined.* In denying the motion of JMB to recognize and enforce its peremptory election to excuse, Judge Eastburn declared unconstitutional both Section 38–3–9 and Rule 1–088.1. Judge Eastburn found "there is nothing more necessary and incidental to the functions of the District Court of New Mexico than the internal assignment of cases to its judges," whom he characterized as "Constitutional officers selected by a process ordained by the people of New Mexico." Because the assignment of a judge was deemed by Judge Eastburn to be of the essence of judicial power under the separation of powers clause of the New Mexico Constitution, he held Section 38–3–9 unconstitutional.[1]

With respect to Rule 1–088.1, Judge Eastburn noted the Constitution grants to the Supreme Court no specific authority to promulgate such rule, and he declared:

Constitutional Amendment VI * * * fundamentally change[s] the selection, election, and retention of judges, expressly to reform the system so that judges, once in office, are compelled "to run against their record," *i.e.,* their continuance in public employment is dependent upon the manner in which they execute their office.

* * * Not only is there no specific grant of authority under Article VI for

---

1. The separation of powers clause appears at Article III, Section 1 of the New Mexico Constitution and provides:

The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments, shall exercise any powers properly belonging to either of the others, except as in this constitution otherwise expressly directed or permitted.

the Supreme Court to establish "peremptory challenges," but it is antithetical to Judicial Reform * * *. It allows the lawyers and special-interest litigants to nullify the amendments and thwart the public will by insulating the judge's performance, or lack thereof, from the people in the retention process.

In support of the petition before this Court, the issue of constitutionality has been briefed by JMB and amici curiae, the New Mexico Trial Lawyers Association and the New Mexico Defense Lawyers Association. JMB and amici curiae argue that statutes affecting the exclusive powers of the judiciary are unconstitutional only to the extent they conflict with a valid rule of this Court. *See, e.g., Lovelace Medical Ctr. v. Mendez*, 111 N.M. 336, 339, 805 P.2d 603, 606 (1991); *State v. Herrera*, 92 N.M. 7, 12, 582 P.2d 384, 389 (Ct.App.), *cert. denied*, 91 N.M. 751, 580 P.2d 972 (1978). Further, JMB contends, "[t]his Court has consistently upheld the constitutionality of statutes granting the right to peremptorily excuse a presiding judge ... subject only to this Court's articulation of the appropriate procedure by which to effect such excusals." *See, e.g., State ex rel. Gesswein v. Galvan*, 100 N.M. 769, 676 P.2d 1334 (1984).

With respect to Rule 1–088.1, JMB argues that Judge Eastburn confuses the concept of qualification for judicial office, which is the subject of the 1988 Judicial Reform Amendment VI, with that of selection of the presiding judge for an individual case. Amici curiae further cite *State ex rel. Oliver v. Crookham*, 302 Or. 533, 731 P.2d 1018, 1021 (1987) (recent constitutional amendment on removal from judicial office and the election of judges "deal[s] with matters different from those" governed by disqualification statutes, and the former in no way supersedes or impliedly repeals the latter).

Having set forth only the sense of the positions of petitioner and respondent on the issues of constitutionality, we are constrained not to reach those issues. We follow the general and well-established rule that issues of constitutionality are not to be determined unless absolutely necessary to the merits of the suit in which constitutionality has been drawn in question. *E.g., State ex rel. Sanchez v. Stapleton*, 48 N.M. 463, 472, 152 P.2d 877, 882 (1944); *Property Tax Dep't v. Molycorp, Inc.*, 89 N.M. 603, 605, 555 P.2d 903, 905 (1976).

*Procedural history.* On March 9, 1992, summons was served upon JMB. On March 16, notice of reassignment of the case to Judge Eastburn was filed. On April 6, JMB entered its appearance through its attorney who, on April 8 and 13 filed first and second agreed motions for extension of time within which to answer or otherwise plead. On April 17, Judge Eastburn entered an agreed order granting the extension. On April 27, JMB filed its peremptory election to excuse Judge Eastburn, along with its motion to dismiss for failure to state a claim. On April 28, the clerk of the court gave notice of no action on the peremptory election to excuse for the reason that it was considered not timely when filed more than ten days after the filing of April 8. It is undisputed that the clerk's reference to the date of April 8 was intended by her to refer to the filing of the first agreed motion for extension of time [2] based upon the understanding of the clerk's office that *any motion* constituted a "pleading" and that the April 8 motion triggered the ten-day period under Rule 1–088.1. The Rule provides:

> The statutory right to excuse the district judge before whom the case is pending must be exercised * * * by defendant * * * by filing a peremptory election to excuse within ten (10) days after the latter of the filing of the first pleading or motion pursuant to Rule 1–012 by that party or of mailing by the clerk of notice of assignment or reassignment of the case to a judge.

---

**2.** Actually, the date of "April 8, 1992," was entered on the form completed by the clerk of the court in connection with "This Party's filing of * * * an Answer or Rule 1–012 motion."

SCRA 1986, 1–088.1(B)(2).[3]

*Effect of discretionary act.* We see the issue as being whether the respondent judge performed any discretionary act at the request of JMB. "New Mexico law is well settled that a judge may not be statutorily disqualified under Section 38–3–9 after a party has invoked the discretion of the court." *Smith v. Martinez*, 96 N.M. 440, 442, 631 P.2d 1308, 1310 (1981). We reaffirm the applicability of this well-settled law to Rule 1–088.1, and hold that an extension of time to answer or otherwise plead is a discretionary act, even if in response to the agreed motion or stipulation of the parties. In these days of sometimes staggering expense and delay in litigation, there has been brought to the fore a need for the court to exercise utmost discretion in the matter of continuances and extensions beyond the time limits provided by court rules.

Urging this Court not to reach a resolution short of the constitutional challenge, Judge Eastburn argues that time limits within which to answer or otherwise plead are neither "jurisdictional or self-executing," and his grant of an extension of time was a mere formal act not intended by him to constitute an exercise of judicial discretion. *Cf. Pueblo of Laguna v. Cillessen & Son, Inc.*, 101 N.M. 341, 343, 682 P.2d 197, 199 (1984) (order of consolidation involved exercise of discretion and not a mere formal act). The rule that a judge may not be peremptorily challenged after a party has invoked the discretion of the court depends, however, not upon whether the court in fact exercised discretion, but depends upon whether the response of the court was subject to discretion. Judge Eastburn could have granted or denied the agreed motion for extension of time, and, therefore, his entry of the agreed order was subject to discretion and not a mere ministerial act.

JMB argues that the earlier cases recognizing a discretionary act exception to the right of disqualification are inapplicable to the current Rule 1–088.1(B)(2) on peremptory challenges, and that, in any event, the rationale for the exception is the doctrine of waiver which, absent prejudice to other parties, requires an actual intention to relinquish the right to excuse. *See Ed Black's Chevrolet Ctr., Inc. v. Melichar*, 81 N.M. 602, 604, 471 P.2d 172, 174 (1970) (discussing elements of waiver in another context).

We recognize that past cases have used different terms when referring to the discretionary act exception. *See, e.g., State ex rel. Shufeldt v. Armijo*, 39 N.M. 502, 506, 50 P.2d 852, 855 (1935) (stating that disqualification must be made before "any ruling on any litigated or contested matter" and before an "adverse ruling"); *State ex rel. Gandert v. Armijo*, 41 N.M. 38, 39, 63 P.2d 1037, 1038 (1936) (stating that cases declare a party may not disqualify after submitting "an important issue in the case" to the judge). We choose to avoid those statements today in favor of a bright-line standard under which the determinative issue is whether a party has invoked the judicial discretion of the court. If so, that party may not excuse the judge.

*Disposition.* The rule we advance today is founded on sound policy. We are loath to engage in speculation on whether a ruling is "important" or "adverse" or the like. In many cases such characterizations often lie in the eye of the beholder. We accept that JMB did not intend to relinquish its right to peremptorily challenge Judge Eastburn and the plaintiffs in the underlying action have not claimed prejudice nor have they opposed the challenge. In the context of an election to excuse a judge, an absolute application of the rule is to us of greater import than either intentional waiver or even the character of the issue on which the discretion of the judge has been invoked. The dispositive issue, which we have answered affirmatively, is whether the motion filed invoked the discretion of the judge.

---

**3.** Although we do not rest our opinion on the meaning of the word "pleading" as it appears in the quoted language from Rule 1–088.1, we are inclined to believe that it should be restricted to the definition appearing in Rule 1–007(A), effectively limiting "pleading" to such "answer" as would be filed by a defendant.

For the foregoing reasons, the petition has been denied.

IT IS SO ORDERED.

BACA and FROST, JJ., concur.