845 P.2d 812

**Louis SAAVEDRA, Petitioner,**

v.

**Hon. Gerard W. THOMSON, District Judge, Respondent.**

**No. 20806.**

Supreme Court of New Mexico.

Dec. 30, 1992.

Robert D. Gorman and Freedman, Boyd, Daniels, Peifer, Hollander, Guttmann & Goldberg, P.A., Charles W. Daniels, Albuquerque, for petitioner.

Tom Udall, Atty. Gen., G.T.S. Khalsa, Martha A. Daly, Asst. Attys. Gen., Marian Matthews, Deputy Atty. Gen., Santa Fe, Judith L. Durzo and James T. Roach, Albuquerque, for respondent.

### OPINION

RANSOM, Chief Justice.

We denied, without hearing, the petition of Louis Saavedra for a writ of mandamus to be directed to District Judge Gerard W. Thomson to require him to honor Saavedra's peremptory notice of excusal in an

action brought by the Attorney General against Saavedra. Saavedra had filed his election to excuse under SCRA 1986, 1–088.1(B)(2) (Repl.Pamp.1992) within 10 days of notification that the case had been reassigned to Judge Thomson. It was filed eight days after Judge Thomson granted the Attorney General's unopposed motion for an extension of time in which to file a brief in opposition to Saavedra's motion to dismiss. Judge Thomson refused to honor the notice of excusal, stating that his signing of the order granting the extension of time was a discretionary act that nullified Saavedra's right to exercise his peremptory excusal.

Saavedra has moved for us to reconsider our denial of his petition, arguing that failure to oppose another party's motion seeking a discretionary act should not constitute an act by the non-movant that itself invokes the discretion of the court. On reconsideration, we agree with Saavedra, and grant the writ of mandamus.

*Discretionary act not by itself determinative.* Judge Thomson erroneously posits that it is the court's *performance* of a discretionary act that nullifies the rights of all parties to exercise peremptory challenges. The performance of a discretionary act must be by *a specific judge* from whom the act has been requested by *the party to be charged* with loss of the right to elect an excusal.

■ —*A specific judge.* Rule 1–088.1 specifically contemplates defendant's election to excuse a district judge within ten days after defendant's pleading or motion, or after reassignment, whichever is last. This rule thus provides that the right to excuse a district judge who is reassigned to the case is not lost by pleadings and motions filed in advance of reassignment. This is meant to assure that the right of excusal is judge specific. Unless a party affirmatively requests a successor judge to act on a motion of that party pending at the time of reassignment, that party has ten days from notice of reassignment in which to elect to excuse the judge.

■ —*The party to be charged.* In *Smith v. Martinez,* 96 N.M. 440, 442, 631 P.2d 1308, 1310 (1981), we stated that

"New Mexico law is well settled that a judge may not be statutorily disqualified under Section 38–3–9 after a party has invoked the discretion of the court." *See* NMSA 1978, § 38–3–9 (Repl.Pamp.1987) (peremptory challenge to a district judge). In the same opinion, we rejected that judge's position that the State's right to disqualify had been forfeited when the judge exercised his discretion by appointing an attorney at the request of one or more of the other parties in the case. "[T]he request was not made by the State * * * and therefore, the [judge] did not exercise any discretionary act at [the State's] request." *Id.* We affirmed the applicability of that principle to Rule 1–088.1 in *JMB Retail Properties Co. v. Eastburn,* 114 N.M. 115, 835 P.2d 831 (1992), holding that issuance of an order for an extension of time to answer or otherwise plead is a discretionary act and that the bright line standard is "whether a party has invoked the judicial discretion of the court. If so, *that* party may not excuse the judge." *Id.* at 118, 835 P.2d at 834 (emphasis added). In *Eastburn,* we intended to clarify the principle that only *that party who requests* the discretionary act will be precluded from later exercising a peremptory challenge.

■ *Agreement not to oppose not to be construed as an affirmative request for discretionary act.* We will not interpret an agreement not to oppose a motion as an affirmative act requesting discretionary action. It would only further frustrate judicial economy and introduce unreasonable expense and delay to require opposition for the sole purpose of preserving the ten-day right to consider an election to excuse.

For the foregoing reasons, the petition for writ of mandamus is well taken. Judge Thomson and the district court clerk are instructed to honor the notice of election to excuse Judge Thomson.

IT IS SO ORDERED.

BACA, MONTGOMERY, FRANCHINI and FROST, JJ., concur.